IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                                CRIMINAL 84-0305 (PG)

CARLOS WILFREDO CUEVAS MORALES,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Carlos Wilfredo Cuevas-Morales filed a motion under 28 U.S.C. § 2255 on April 24, 1997, attacking his 1985 conviction under 21 U.S.C. § 848 challenging a sentence which was affirmed on appeal in an unpublished opinion. United States v. Cuevas Morales, 787 F.2d 579 (1st Cir. 1986). He was also convicted previously for participating in a drug conspiracy. See United States v. Izzi, 613 F.2d 1205 (1st Cir. 1980).

On June 8, 1990, Cuevas Morales filed his first section 2255. That motion was denied and such denial was affirmed in an unpublished opinion. Cuevas Morales v. United States, 974 F.2d 1329 (1st Cir. 1992).

A second 2255 motion was filed in 1997 and denied on April 30, 1999 because Cuevas Morales had not obtained a certificate of appealability from the court of appeals. Carlos Wilfredo Cuevas Morales v. United States, Civil No. 97-1616 (PG). In the current request for relief, received as a letter dated April 25, 2005, Cuevas

CRIMINAL 84-0305 (PG)                    2

Morales again seeks to be released based upon <u>Blakely</u> and argument that is directed both to the soul of the court, as well as to the mind.  Also included are letters from a former United States Attorney, who asks the court that petitioner's remaining period of confinement be pardoned, condoned or set aside immediately. (His emphasis.)  Other information refers to rehabilitation, health and family illness. Rule 35, Federal Rules of Criminal Procedure, does not apply.  Therefore this petition is treated as a request for relief under 28 U.S.C. § 2255.

Title 28 U.S.C. § 2244 reads in pertinent part:

§ 2244.  Finality of determination

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

CRIMINAL 84-0305 (PG)                    3

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

Under 28 U.S.C. § 2255, a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals with the requirements therein established.  Under AEDPA, a district court does not have jurisdiction to entertain successive post-conviction motions on their merits in the absence of an order from the appropriate court of appeals authorizing the filing of such successive motion.  Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997). The First Circuit has indicated that "AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive [§ 2255] petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54,

CRIMINAL 84-0305 (PG)                    4

57 (1st Cir. 1997); <u>see also</u> <u>Jamison v. United States</u>, 244 F.3d 44, 45-48 (1st Cir. 2001).

Cuevas Morales' letter is such a "second or successive motion" within the meaning of section 2255. Cuevas Morales must be aware that he must obtained an appropriate certification from the First Circuit authorizing this court to consider his successive section 2255 motion unless there is some other way to attack the length of his sentence. Pursuant to the 1996 amendments to section 2255, this district court lacks jurisdiction to entertain this motion. See <u>Libby v. Magnusson</u>, 177 F.3d 43, 45-46 (1st Cir. 1999). Therefore, petitioner must move in the court of appeals for permission to pursue this application.

The request of Cuevas-Morales is in the wrong court. I therefore recommend that the letter motion be treated as a motion under section 2255 and be denied, as well as any other relief requested.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch v.</u>

CRIMINAL 84-0305 (PG)                    5

<u>Massachusetts Elec.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health &</u> <u>Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor</u> <u>Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 29th day of July, 2005.

S/ JUSTO ARENAS
Chief United States Magistrate Judge